**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-31300

(Summary Calendar)
_____

JAMES E CRUMPLER; RITA C CRUMPLER,

Plaintiffs-Appellants,

versus

STATE FARM FIRE AND CASUALTY
COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(95-CV-132)
_____

August 26, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiffs James and Rita Crumpler appeal the district court's entry of judgment on a jury verdict in favor of Defendant State Farm Fire and Casualty Company ("State Farm"). We affirm.

Fire destroyed the Crumplers' house in Claiborne Parish, Louisiana. The house was insured by State Farm. State Farm denied the Crumplers' claim on the ground that the fire had been

_____

[*]  Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

intentionally set by James Crumpler.  The Crumplers filed suit in Louisiana state court seeking recovery under the insurance policy for the damage to their house and its contents.  State Farm removed the suit to federal court and filed a counterclaim seeking recovery of monies paid to the Crumplers as an advance and monies paid on behalf of the Crumplers to Homer National Bank as mortgagee of the property.  Pursuant to the joint stipulation of the parties, a jury trial was held on the issue of whether James Crumpler intentionally set the fire.  The jury found in favor of State Farm, and the district court entered judgment on the jury verdict, dismissing the Crumplers' claim with prejudice and awarding State Farm damages on its counterclaim.  The Crumplers filed a timely notice of appeal.

The Crumplers argue that there was insufficient evidence to support the jury's verdict.  On appeal, a jury's verdict must be upheld unless the evidence in favor of the non-prevailing party is so overwhelming that reasonable persons could not arrive at a contrary verdict.  *Granberry v. O'Barr*, 866 F.2d 112, 112 (5th Cir. 1988).  Under Louisiana law, arson is an affirmative defense to a claim for fire insurance proceeds.  *Joubert v. Travelers Indem. Co.*, 736 F.2d 191, 193 (5th Cir. 1984).  The insurance company bears the burden to prove by a preponderance of the evidence that (1) the fire was of an incendiary origin, and (2) that the claimant was responsible for setting the fire.  *Id.*  In the absence of credible rebuttal evidence, evidence that the claimant had a motive

-2-

for arson is sufficient circumstantial evidence to support a finding that the claimant was responsible for setting the fire. *Id.*

The Crumplers concede that State Farm proved that the fire was on an incendiary origin. Fire investigators testified that a fuel oil accelerant had been poured on the carpet in various areas of the house, and that in their opinion the fire had been intentionally set. The Crumplers argue that State Farm did not prove that James Crumpler was responsible for setting the fire. We cannot agree. The evidence presented to the jury showed that James Crumpler had a $100,000.00 credit line with Homer National Bank. An accountant testified that Crumpler's income from his convenience store business was insufficient to support his lifestyle. At the time of the fire, Crumpler was approaching his $100,000.00 credit limit. Two years before, when Crumpler had previously approached his credit limit, he had been able to pay $55,000.00 toward his debt with fire insurance proceeds from the destruction of two rental properties. In fact, the evidence shows that Mr. Crumpler's house was his fourth insured property to be destroyed by fire.

This evidence provides ample support for a jury finding that James Crumpler had a motive for intentionally setting the fire. As earlier noted, in the absence of any credible rebuttal evidence,[1]

---

[1] The Crumplers presented no credible rebuttal evidence. Although James Crumpler testified that he was not responsible for the fire, State Farm presented significant evidence to impeach his credibility, including Crumpler's admission that he lied on his tax returns and the testimony of others indicating

evidence of motive is sufficient to support a finding that a claimant is responsible for setting the fire. We find that the evidence in favor of the Crumplers in this case is not so overwhelming that reasonable persons could not arrive at a verdict for State Farm. Accordingly, we hold that there was sufficient evidence to support the jury's verdict.[2]

Based on the foregoing, we AFFIRM the district court's entry of judgment in favor of State Farm.

---

he overstated his income and assets on financial statements for Homer National Bank. Additionally, although two alibi witnesses testified that James Crumpler was at his convenience store on the night of the fire, neither could account for his whereabouts for a significant portion of that night.

[2] The Crumplers also argue that Rita Crumpler should be allowed to recover on the insurance policy as an innocent spouse. Because this argument was not raised before the district court, it cannot be raised on appeal. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). We therefore decline to address it.

-4-